UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.  3:22-cv-00576-FDW-DSC

| | | |
|---|---|---|
| TUWANNA S. STEVENS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | ORDER |
| | ) | |
| ELIOR INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant Elior Inc.'s ("Defendant") Motion to Dismiss, (Doc. No. 9), filed on January 9, 2023.  Tuwanna Stevens ("Plaintiff") responded on January 27, 2023, (Doc. No. 13), to which Defendant replied on February 3, 2023, (Doc. No. 16).  As such, Defendant's Motions is fully briefed and ripe for review.  For the reasons set forth herein, Defendant's Motion is GRANTED and Plaintiff's Complaint (Doc. No. 1), is DISMISSED WITH PREJUDICE.

## I.      BACKGROUND

Plaintiff initiated this lawsuit with the filing of a complaint (Doc. No. 1) against Defendant on October 21, 2022.  According to the allegations in the complaint, Plaintiff is a former employee of Defendant and alleges she was subjected to a hostile work environment due to her religious status as a Jehovah's Witness.  (Doc. No. 1).  The complaint alleges that after disclosure of her faith, Plaintiff was subjected to hostile and aggressive behavior by her coworkers, manager, and supervisory staff.  Plaintiff alleges a physical altercation occurred between her and another coworker and contends coworkers would relocate her work tools while she was on breaks. Additionally, Plaintiff asserts that on or around December 2021, Plaintiff's manager began playing

1

Christian music and sermons daily on one of the manager's devices. Plaintiff claims it was loud enough for the entire cafeteria to hear. Due to her faith, Plaintiff asked her manager to stop playing Christian music and sermons out loud as they were against her religion and made her uncomfortable. Plaintiff asserts that her manager refused and began playing the music and sermons louder as a direct attack on her faith. Plaintiff alleges that after this conversation, her manager started treating Plaintiff in an aggressive and hostile manner. Plaintiff asserts she was being treated differently than her coworkers who did not identify as Jehovah's Witnesses.

On or about May 4, 2022, Plaintiff filed a charge of discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC"). In Plaintiff's charge, she only disclosed the situation involving the manager repeatedly playing Christian music and sermons, and the general statement that Plaintiff was being treated in an aggressive and hostile manner. (Doc. No. 11-1, Exhibit A). On July 22, 2022, the EEOC issued Plaintiff a Dismissal and "Right-to-Sue" letter, notifying her of her statutory right to file suit based on her EEOC charge under federal law within ninety (90) days of receipt of the right to sue letter. (Doc. No. 11-2, Exhibit B). Plaintiff subsequently filed this action, and Defendant has moved to dismiss the complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the "sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to

2

relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive only if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

For the purposes of a Rule 12(b)(6) analysis, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). Courts will ignore all "legal conclusions" alleged in the complaint and assume all factual allegations are true. Iqbal, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

## III. ANALYSIS

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Prior to bringing a claim pursuant under Title VII, an individual must first exhaust their administrative remedies. This includes filing a claim with the EEOC, "within one hundred and eighty days after the alleged unlawful employment action occurred." 42 U.S.C. § 2000e-5(e)(1). If a charge is dismissed by the EEOC, the EEOC will issue notice to the individual of their right to sue in federal court. 42 U.S.C. § 2000e-5(f)(1). After receipt of the notice, the individual must file suit within 90 days. 42 U.S.C. § 2000e-5(f)(1).

The Supreme Court has "held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule." EEOC v. 1618 Concepts, Inc., 432 F. Supp. 3d 595, 601 (M.D.N.C. 2020) (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850–51, 204 L. Ed. 2d 116 (2019)). Thus, motions to dismiss for failure to exhaust administrative remedies are analyzed under Rule 12(b)(6) rather than 12(b)(1). 1618 Concepts, Inc., 432 F. Supp. at 601.

Here, Plaintiff concedes she has not exhausted all administrative remedies as required under 42 U.S.C. § 2000e-5(f)(1). In Plaintiff's response to the instant motion, she states "[d]efendant's counsel correctly identifies that Plaintiff has not exhausted all administrative remedies." (Doc. No. 13-1, p. 3).[1]

Because Plaintiff concedes that she failed to exhaust all administrative remedies prior to filing this claim, Plaintiff's claim must be dismissed. See, e.g., Krings v. AVL Techs., 2021 WL 1235129, at *3–4 (W.D.N.C. Feb. 10, 2021) (dismissing plaintiff's claims where plaintiff filed suit before administrative remedies were exhausted); Mayfield v. United Grocery Outlet, 2022 WL 2102018, at *4 (W.D.N.C. May 6, 2022). Although unclear whether Plaintiff concedes that she failed to exhaust administrative remedies due to untimeliness in filing claim or due to failure to include conduct relevant in complaint within original EEOC filing, the Court construes this concession as fatal to the Plaintiff's position.

Under 42 U.S.C. § 2000e-5(f)(1), Plaintiffs must bring suit in federal court within ninety (90) days of receipt of notice of the EEOC's right to sue letter. This Circuit has refused to apply an "actual receipt" standard in Title VII actions and has consistently held that the ninety-day limitations period begins to run on the "date of receipt, actual or constructive, of the EEOC's right-

---

[1] The Court notes Defendant correctly identifies that Plaintiff's response, (Doc. No. 13-1), was not signed by at least one attorney of record in the attorney's name as required under Federal Rule 11(a). Although the Court takes note of this omission, it will not strike Plaintiff's response. Holley Coal Co. v. Globe Indem. Co., 186 F.2d 291, 295 (4th Cir. 1950) ("[s]triking the pleading is within the sound discretion of the court.")

to-sue letter." <u>Watts-Means v. Prince George's Family Crisis Ctr</u>., 7 F.3d 40, 42 (4th Cir. 1993); <u>Barnwell v. Foot Locker</u>, 2018 WL 2422316, *2 (E.D.N.C. May 29, 2018); <u>see</u> <u>Cenezy v. Koniag Tuknik Government Services</u>, 2022 WL 3974141, at *2 (E.D.N.C. Aug. 31, 2022) (held that when plaintiff received right to sue letter via email, their limitations was triggered even though he did not open it until days later). In this case, Plaintiff's response states "[p]laintiff received her right to sue on July 8, 2022, when it was uploaded to the EEOC portal." (Doc. No. 13-1, p. 3). Since Plaintiff concedes she received her right to sue from the EEOC on July 8, 2022, the statutory limitations period was triggered on that date. Defendant correctly points out that the EEOC's right to sue letter, (Doc. No. 11-2, Exhibit B), shows that it was issued on "July 14, 2022." (Doc. No. 11-2, Exhibit B). Even if this later date were used, Plaintiff will still have missed the ninety-day period to file suit as she did not file until October 21, 2022. In order to have abided by the statutory limitation, Plaintiff needed to file suit by October 12, 2022. The uncontested record, including Plaintiff's concession, indicates Plaintiff's complaint was filed outside of the ninety-day limitations period provided by 42 U.S.C. § 2000e-5(f)(1) and should be dismissed.

Furthermore, Plaintiff has failed to exhaust administrative remedies prior to filing suit. In order to bring suit under Title VII, plaintiffs must exhaust administrative remedies by filing an appropriate charge with the EEOC. <u>See</u> 42 U.S.C. § 2000e-5(f)(1). The "factual allegations made in formal litigation must correspond to those set forth in the administrative charge." <u>Chacko v. Patuxent Inst</u>., 429 F.3d 505, 509 (4th Cir. 2005). A plaintiff cannot bring suit on a claim under Title VII if the "charge[] reference[s] different time frames, actors, and discriminatory conduct than the central factual allegations in h[er] formal suit." <u>Id</u>. At 506. Similarly, "an administrative charge that alleges a discrete discriminatory act is considered insufficient to support suit where the plaintiff subsequently alleges a broader pattern of misconduct." <u>Stevens v. Cabarrus County Board</u>

of Education, 514 F. Supp. 3d 797, 813 (M.D.N.C. Jan. 22, 2021). Here, Plaintiff's EEOC charge alleges harassment solely regarding the manager's playing of Christian music and sermons during work. (Doc. No. 11-1, Exhibit A). The administrative charge does not contain, mention or reference the physical altercation with a coworker, instances of mocking or isolation by coworkers, nor the relocation of work tools that Plaintiff included in her formal complaint. Plaintiff's complaint includes different actors and conduct that she did not allege in her original EEOC charge, which is the basis for bringing this suit. Due to this significant gap between the EEOC charge and complaint, Plaintiff has failed to exhaust all administrative remedies prior to bringing suit, as she concedes.

Plaintiff contends that to avoid penalty for failure to exhaust administrative remedies, this Court should "remand" to the EEOC. (Doc. No. 13-1, p. 4). This Court does not have the authority to "remand" this charge to the EEOC as Plaintiff was to exhaust all administrative remedies prior to bringing suit. See Underdue v. Wells Fargo Bank, N.A., 2016 WL 3452492, at *2 (W.D.N.C. June 20, 2016) (noting the "ADA, Title VII, and the ADEA share enforcement procedures, including the requirement that a plaintiff must first exhaust administrative remedies before filing a federal lawsuit."). Once the EEOC dismisses a charge and issues a right to sue letter, it ceases to investigate and "terminate[s] further proceeding of the charge." 29 C.F.R. § 1601.28(a)(3). Accordingly, this Court does not have the ability to "remand" to the EEOC and must dismiss Plaintiff's complaint due to her concession for failing to exhaust administrative remedies prior to filing suit.

Courts often dismiss without prejudice claims that have not been administratively exhausted. See Krings, 2021 WL 1235129, at *4 (recommending dismissal of plaintiff's claims pursuant to Title VII, the ADA, and the ADEA without prejudice for failure to exhaust

administrative remedies). However, courts may dismiss claims that failed to exhaust administrative remedies with prejudice if dismissal without prejudice would be futile. <u>See</u> <u>Mayfield</u>, 2022 WL 2102018, at *4. Here, dismissal without prejudice would be futile because Plaintiff's original filing was untimely, and she is unable to amend her EEOC charge to correspond with her complaint as required for Title VII suits. Accordingly, Plaintiff's claim pursuant to Title VII is dismissed with prejudice. To the extent any claims Plaintiff seeks to bring in this action were not included in the EEOC charge, such dismissal is without prejudice and without leave to amend, as amendment would be futile since they were not included in the EEOC charge.

IV.     CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss per Rule 12(b)(6), (Doc. No. 9), is GRANTED, and Plaintiff's Complaint, (Doc. No. 1), is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Signed: April 24, 2023

Frank D. Whitney
United States District Judge